**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:22-cr-123 |
| | ) | |
| **JAMIQUE MAYS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

**COMES NOW** the defendant, Jamique Mays, by counsel, and in support of Defendant's Motion to Withdraw as Counsel states as follows:

## RELEVANT BACKGROUND

1. On or about December 9, 2022, Counsel was appointed to represent the Defendant in this matter.

2. On December 14, 2022, Defendant was arraigned and he entered a plea of not guilty to all counts of the Indictment, requested trial by jury and a detention hearing was held and the Court ordered that the Defendant remain in custody.

3. This case is currently set for a jury trial to commence on February 13, 2023.

4. In addition to speaking with the Defendant at Court on the above date, Counsel has met with the Defendant at Western Tidewater Regional Jail on December 13, 2022; December 30, 2022; January 10, 2023; January 13, 2023; and January 20, 2023.

5. When Counsel for the Defendant met with Defendant at Western Tidewater Regional Jail on January 20, 2023 to discuss the case with the Defendant, Defendant told Counsel that he wanted Counsel to withdraw from his case and that he wanted new counsel appointed.

6. Despite efforts to resolve their differences, Defendant believes that the relationship with counsel is irreconcilable.

## BASIS FOR RELIEF

7. Counsel for the Defendant has met numerous times with the Defendant.

8. Counsel has attempted to repair the Attorney-Client relationship. The Defendant demanded that counsel withdraw as counsel stating that effective trust and confidence between Counsel and the Defendant deteriorated and was no longer possible.

9. As trial in this matter is set for less than a month from the date of this Motion, but Counsel has only represented the Defendant for a little over a month so replacement of counsel should not necessitate any significant or unwarranted delay.

## ARGUMENT

The Sixth Amendment of the United States Constitution guarantees a defendant the "Assistance of Counsel for [the accused's] defence." U.S. Const. amend. VI.

The Court of Appeals for the 4th Circuit in *United States v. Smith*, 640 F.3d 580 (4th Cir. 2011) examined the factors for review of a denial-of-substitution claim, namely: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) "whether the attorney/client conflict was so great that it had resulted in a total lack of

communication preventing an adequate defense." (*quoting United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988). The *Smith* court stated that a "total lack of communication" is not required, but that there is a "'breakdown' of attorney-client communication so great that the principal purpose of the appointment- the mounting of an adequate defense incident to a fair trial- has been frustrated." (*Smith*, 640 F.3d at 588).

A Lawyer has a duty under the Virginia Rules of Professional Conduct, as codified in the Virginia Rules of the Supreme Court (Va. R. Sup. Ct. Pt. 6 § II) and adopted by Local Rule 57.4(I), to maintain candor towards the tribunal, and to terminate representation if withdrawal can be accomplished "without material adverse effect on the interests of the client," or, "if other good cause for withdrawal exists." Va. R. Sup. Ct. 3.3, 1.16(b). The Lawyer also has an underlying duty of confidentiality to the client.

The desires of the Defendant are clear and the motion to withdraw as counsel is timely made upon the occurrence of a communication breakdown. Additionally, a substitution of counsel would not present a material adverse effect on the interests of the client.

This Counsel has attempted to repair the attorney-client relationship but the trust and confidence of the client is frayed to the point where mounting an adequate defense is not possible. Counsel cannot lend his assistance in the Defendant's defense of his case. Ultimately, there is an irreparable breakdown of trust between Counsel and the Defendant such that Counsel cannot effectively represent the Defendant's interests or assist the Defendant in the presentation of an adequate defense. While Counsel is still willing and able to represent the Defendant, the Defendant believes that counsel cannot adequately represent him.

## **CONCLUSION**

WHEREFORE, the Defendant, by counsel, upon good cause shown, moves this Court for entry of an Order granting the Counsel leave to withdraw as counsel of record and to substitute alternate counsel to represent the Defendant.

                                                  Respectfully submitted,

                                              _____/s/_____
                                              PETER J. JANKELL
                                              Attorney for Defendant

Peter J. Jankell, Esquire
Virginia State Bar No. 30602
Jankell & Ireland, P.C.
1228 Progressive Drive
Suite 102
Chesapeake, VA  23320
(757) 547-5405
(757) 547-5702 – facsimile
pjjlaw@aol.com

# CERTIFICATE OF SERVICE

       I hereby certify that on the 20th day January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William Jackson, Esquire
Assistant United States Attorneys
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Telefax: (757) 441-6689
Email: william.jackson3@usdoj.gov

                                                         _____/s/_____
                                                        Peter J. Jankell, Esquire
                                                        Virginia State Bar No. 30602
                                                        Jankell & Ireland, P.C.
                                                        1228 Progressive Drive
                                                        Suite 102
                                                        Chesapeake, VA  23320
                                                        (757) 547-5405
                                                        (757) 547-5702 – facsimile
                                                        pjjlaw@aol.com